**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: RANBAXY GENERIC DRUG
APPLICATION ANTITRUST
LITIGATION                                                                                          MDL No. 2878

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in an action pending in the Eastern District of New York (*César Castillo*) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of New York or, alternatively, the District of Massachusetts. This litigation consists of four actions pending in three districts, as listed on Schedule A. The actions involve allegations that defendants engaged in anticompetitive conduct in submitting applications for Abbreviated New Drug Applications to improperly secure the "first-to-file" status concerning the generic drugs Diovan, Valcyte and Nexium.

Plaintiff in the Eastern District of Pennsylvania action supports centralization in the Eastern District of New York. Plaintiffs Meijer Distribution, Inc., and Meijer, Inc., in two District of Massachusetts actions support centralization in that district. Defendants Ranbaxy Inc., and Sun Pharmaceutical Industries, Ltd. (collectively Ranbaxy), oppose centralization. If the Panel decides to centralize the cases, defendants suggest the Eastern District of New York as the transferee forum.

On the basis of the papers filed and hearing held, we find that these actions involve common questions of fact, and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs all allege that Ranbaxy adopted a practice of ignoring FDA regulations and protocols to obtain first-to-file status for its generic drug applications. The first-to-file 180-day exclusivity period blocked other generic drugs from entering the market for several months, allowing Ranbaxy to reap large profits. When the FDA made inquiries into its procedures, plaintiffs allege that Ranbaxy enlisted an outside law firm, Buc & Beardsley LLP, and an ostensibly independent consultant, Parexel Consulting LLC, to perpetuate the fraud and falsely represent to the FDA that Ranbaxy complied with FDA regulations. These false reports allegedly allowed Ranbaxy to gain tentative approval of its generic drug applications and maintain its exclusive status for several drugs, including Valcyte, Nexium, and Diovan. Centralization is warranted to prevent inconsistent rulings (including with respect to class certification) and overlapping pretrial obligations, reduce costs, and create efficiencies for the parties, courts, and witnesses.

---

[*] Judge Nathaniel M. Gorton did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of a putative class in this litigation have renounced their participation in this class and have participated in this decision.

-2-

Defendants oppose centralization. They argue that the initial District of Massachusetts action (*Meijer I*), which was filed in 2015, is too far advanced to benefit from centralization and that the Eastern District of Pennsylvania action's indirect purchaser claims are inappropriate to include alongside the three direct purchaser cases. We are not persuaded by these arguments. All cases now before us present complex questions of fact and will involve complex economic analysis, discovery of foreign defendants and issues of regulatory compliance. While some discovery has been taken in *Meijer I*, and defendants' motion to dismiss has been ruled upon, the action was stayed for most of the year and a half that passed between the filing of the petition for leave to proceed with an interlocutory appeal and the First Circuit's decision denying it in December 2018. Indeed, defendants conceded during oral argument that no depositions have been taken in *Meijer I*. Because a significant amount of potentially redundant pretrial motion practice remains in all cases – *i.e.*, class certification, *Daubert* and summary judgment rulings – centralization offers an opportunity to streamline this litigation. As to defendants' second argument, we often centralize the claims of direct and indirect purchasers in a single MDL, so long as they arise from a common factual core, as the claims in these actions clearly do. *See, e.g., In re: Skelaxin (Metaxalone) Antitrust Litig.*, 856 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012).

We select the District of Massachusetts as the appropriate transferee district for these actions. The first-filed and most advanced *Meijer I* action is pending in this district. By selecting Judge Nathaniel M. Gorton to preside over this litigation, we are choosing a jurist well-versed in the nuances of complex and multidistrict litigation to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Nathaniel M. Gorton for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan           R. David Proctor
Ellen Segal Huvelle       Catherine D. Perry
Karen K. Caldwell

**IN RE: RANBAXY GENERIC DRUG
APPLICATION ANTITRUST
LITIGATION** MDL No. 2878

## SCHEDULE A

<u>District of Massachusetts</u>

MEIJER, INC., ET AL. v. RANBAXY INC., ET AL., C.A. No. 1:15‑11828
MEIJER, INC., ET AL. v. RANBAXY INC., ET AL., C.A. No. 1:18‑12129

<u>Eastern District of New York</u>

CÉSAR CASTILLO, INC. v. RANBAXY INC., ET AL., C.A. No. 1:18‑06126

<u>Eastern District of Pennsylvania</u>

UNITED FOOD AND COMMERCIAL WORKERS HEALTH AND WELFARE FUND
   OF NORTHEASTERN PENNSYLVANIA v. RANBAXY, INC., ET AL.,
   C.A. No. 2:18‑04807